UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OSCAR SALAZAR                                    CIVIL ACTION

VERSUS                                           No. 07-3064

UNITED STATES OF AMERICA, ET AL                  SECTION "B" (2)

ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss this action pursuant to Rule 12(b)(1) (Rec. Doc. No. 27). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Summary Judgment should be **DENIED IN PART** and **GRANTED IN PART.** Because parties seek to go outside the pleadings with said motion, the impending Motion to Dismiss shall be construed as a Motion for Summary Judgment. Material issues still exist under Plaintiff's general premises liability claim, which make summary judgment improper as to the issue of general premises liability. However, Plaintiff's failure to name specific federal employees for negligence warrant the dismissal of non-general premises liability claims to the extent that Plaintiff alleges any such negligence.

*BACKGROUND*

On May 23, 2007, Plaintiff Oscar Salazar filed suit against the United States of America, through the Federal Emergency Management Agency ("FEMA"), invoking the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346. Plaintiff filed suit following an

1

incident that occurred near Slidell, Louisiana on the grounds of a Baptist Church then located on Airport Road in January 21, 2006 while Plaintiff was in the employ of Flour Enterprises, Inc., a contractor of FEMA.

Plaintiff alleges in the Complaint that he slipped and fell while traversing the steps of one of the FEMA trailers. Plaintiff claims to have been unable to catch himself and either stop or mitigate the fall since there were no handrails. Plaintiff further alleges that the steps were unreasonably dangerous and defective insofar as they did not conform to the requirements of the Life-Safety Code, and FEMA was negligent in failing to satisfy its duty of insuring reasonably safety.

As required by 28 U.S.C. §2671, as a prerequisite to filing suit in federal court under the FTCA, Plaintiff filed an administrative claim on November 8, 2006, which was denied by FEMA on March 12, 2007. Before the lawsuit was filed, Plaintiff made a Workman's Compensation claim because of his injuries, for which he received a lump sum settlement of $160,000.00 on August 28, 2007. Additionally, between the date of Plaintiff's alleged injury he sustained while in the employ of Flour Enterprises, Inc., which was January 21, 2006 and August 28, 2007, Plaintiff had already received $37,228.00 in compensation benefits and $15,755.06 in medical benefits from his employer, Flour Enterprises, Inc.

Defendant moves to have this action dismissed pursuant to Rule

12(b)(1) for lack of subject matter jurisdiction, as there is no federal employee identified in this suit and the claim is one for general premises liability, which Defendant labels as not cognizable under the FTCA. Defendant asserts that Plaintiff's sole reason for bring this action against FEMA is that he was working as a laborer for Flour Enterprises, Inc., with whom FEMA had contracted to haul and install travel trailers on Louisiana sites. Defendant also contends that the claim at issue is a general premises liability claim under Louisiana law, which is not permitted under the FTCA, and as such this Court does not have jurisdiction over this lawsuit.

Plaintiff asserts that any liability of the United States of America must be determined by the law of the place where the act or commission occurred in accordance with the FTCA.  Therefore, Louisiana Civil Code Article 2315 duty-risk analysis, as well as Louisiana Civil Code Article 2317 should guide the Court's assessment of FTCA liability.  Plaintiff asserts that an inference based on circumstantial evidence may be drawn that FEMA through one or more of its employees obtained the unreasonably dangerous and defective trailer that injured Plaintiff. To this point, Plaintiff contends that Defendant's assertions based on the failure to name a particular defendant cannot be made at the close of discovery. Plaintiff also directs the Court's attention to vicarious liability codified in LSA-C.C.P. art. 2320 to assert that a business

enterprise cannot disclaim responsibility for accidents, which may be characteristic of its activities.

Plaintiff attacks the use of unreported district court cases with factual scenarios different from the case at bar to support Defendant's suggestion that Plaintiff must identify and sue a specific individual at FEMA who acted negligently or negligently failed to act in order to maintain an FTCA claim against FEMA. Plaintiff also asserts that it is not necessary for a plaintiff to name or identify specific official who was responsible once a legal duty is imposed on the government. Finally, Plaintiff asserts that there is no legal or jurisprudential basis for any suggestion that Plaintiff's settlement in the related worker's compensation claim by way of lump-sum for $160,000 that such a settlement would have any bearing on the legal right of Plaintiff to pursue its FTCA claim.

## DISCUSSION

**I. Legal Standard**

  **A. Motion for Dismissal Pursuant to Rule 12(b)(1)**

A motion to dismiss filed pursuant to Rule 12(b)(1) permit the moving party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). If it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief, such a motion should be granted. *Id.*

The court may evaluate (1) the complaint alone; (2) the complaint and the undisputed facts in the record; or (3) the complaint, the undisputed facts in the record, and the court's own resolution of disputed facts. *Ynclan v. Dep't of the Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991)(citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). In a Rule 12(b)(1) motion, the burden of proving that jurisdiction exists falls to the party asserting jurisdiction. *Ramming*, 281 F.3d at 161; *Graubarth v. United States of America*, 2005 WL 3543763 (E.D. La. Oct. 4, 2005); *Dow Agrosciences, LLC v. Bates,* 332 F.3d 323, 326 (5th Cir. 2003). "In circumstances where 'the defendant's challenge to the court's jurisdiction is also a challenge to the exercise of a federal cause of action, the proper course of action for the district court. . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case' under either Rule 12(b)(6) or Rule 56." *Montez v. Dep't of the Navy*, 392 F.3d 147, 150 (5th Cir. 2004)(quoting *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981). In the case at bar, both Plaintiff and Defendant have submitted exhibits outside the pleadings. Thus, the Court will construe Defendant's Motion to Dismiss as a Motion for Summary Judgment pursuant to Fed. R. Civ. Pro. 56.

### B. Summary Judgment

Summary judgment is proper if the pleadings, depositions,

interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

**II. Application of the Law**

    **A. The Federal Tort Claims Act**

The Federal Tort Claims Act (FTCA) waives the United States' sovereign immunity for claims arising out of torts committed by federal employees. 28 U.S.C. § 1346(b). The FTCA provides that the United States is liable for tort claims, in the same manner and

to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674. In order for the government to be held liable under the FTCA, the negligent person must be an "employee" as defined by the Act. *Mocklin v. Orleans Levee Dist.*, 690 F.Supp. 527, 529 (E.D. La. 1988), aff'd 877 F.2d 427 (5th Cir. 1989).[1] An "employee of the government" includes: officers or employees of any federal agency, members of the United States military or naval forces, the National Guard, and persons acting for federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation, and any officer or employee of a federal public defender organization (subject to a limited exception). 28 U.S.C. §2671. The degree of day-to-day control the government possess is a key factor in the employee determination, as the government is not liable for negligent acts of independent contractors. *Linkous v. U.S.*, 142 F.3 271, 166 A.L.R. Fed. 733 (5th Cir, 1998).

State law governs relevant liability inquiries such as duty of

---

[1] Employee is defined to include: "officers or employees of any federal agency, members of the military or naval forces of the United States, members of the National Guard while engaged in training or duty . . ., and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation." 28 U.S.C. §2671.

7

care and the applicable scope of employment analysis.[2] *Cleveland ex. rel. Cleveland v. U.S.*, 457 F.3d 397, 403 (5th Cir. 2006). However, the FTCA does not permit the United States to be sued for claims based on strict liability. *Miller v. McElwee Brothers, Inc.*, 2007 WL 2284546 (E.D. La. Aug. 6, 2007); *Lively v. United States*, 870 F.2d 296 (5th Cir. 1989); *Giles v. U.S. Dept. of Housing & Urban Development*, 1997 WL 218215, at *2 (E.D. La. Apr. 30, 1997). The Fifth Circuit has not spoken directly as to whether suits for general premises liability are excluded under the FTCA, and district courts within this Circuit are split on this issue. *Miller*, 2007 WL 2284546 (E.D. La. Aug 6, 2007). *Compare Perkins v. United States*, 1999 WL 148442, at *2 (E.D. La. Mar. 17, 1999)("[A]lthough the Fifth Circuit has not addressed the issue. . . . I agree . . . that the FTCA does not permit suits for general premises liability to the extent that such theories resemble strict liability."); *Cupit v. United States*, 964 F.Supp. 1104, 1112 (W.D. La. 1997)(dismissing claims against United States to the extent that are founded on general state law premises liability); *Charles v. United States Postal Service*, 2007 WL 925899, at *2 (The FTCA does not permit claims alleging premises liability, but does permit claims of negligence where specific government employees are alleged to be negligent."); *Jamison v. United States*, 291 F.Supp.2d

---

[2] "The United States, of a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. 1346

608 (W.D. La. June 5, 2007) (asserted that general premises liability claims could be brought under the FTCA); *Kennedy v. Texas Utilities*, 179 F.3d 258 (5th Cir. 1999).  (the Fifth Circuit reversed a district court ruling regarding the application of the Flood Control Act's immunity provision when a claimant sued the United States under the FTCA, asserting premises liability and negligence claims in connection with the injuries suffered when she stepped on a live electrical cable on federally-owned land); *Kendrick v. United States*, 854 F.Supp. 453 (E.D. Tex. 1994); *Cunningham v. United States*, 827 F. Supp. 415 (W.D. Tex. 1993).

The Eastern District of Louisiana has generally determined that general premises liability claims are not permitted by the FTCA.  *Graubarth v. U.S. ex rel. Dept. of Interior*, 2005 WL 3543763 (E.D. La. Oct. 4, 2005); *Centanni v. United States*, 2004 WL 385057 (E.D. La. Feb. 27, 2004); *Perkins v. United States*, 1999 WL 148442, at *2 (E.D. La. Mar. 17, 1999); *Rigdon v. U.S. Postal Service*, 2003 WL 1618569 (E.D. La. Mar. 26, 2003). The Western District of Louisiana ruling in *Culpit v. United States*, interpreted 28 U.S.C. §1326(b) in conjunction with the Fifth Circuit's silence as follows: "nothing in the language of the act or in the legislative history of the FTCA to indicate that Congress considered the existence of a generalized liability, attributable to the United States based on any breach of a state defined duty.  By expressly waiving immunity for the tortious conduct of its employees, and

9

only its employees, the FTCA requires a more focused approach that requires the courts to determine the relationship to the United States of the actor whose negligence might be imputed to the government under state law." 964 F.Supp. 1104, 1112 (W.D. La. 1997)(quoting *Berkman v. United States*, 957 F.2d 108, 113 (4th Cir. 1992).

   Subsequent to the aforementioned rulings, in *Jamison v. United States*, the claimant did not seek in his Complaint to recover based on the specific act of a federal employee; rather, the claimant sought to recover damages because of an allegedly defective chair, a case of premises liability under a negligence theory. 491 F.Supp.2d 608 (W.D. La. 2007). The court held that the FTCA does not bar action against the United States for general premises liability under the FTCA, and the enactment of La. Civ. Code art. 2317.1 does not support a premises liability theory based on strict liability. *Id.; see also Reitzwll v. Pecanland Mall Assoc., Ltd.*, 852 So.2d 1229, 1232 (La. App. 2 Cir. 2003). As support for this ruling allowing the premises liability FTCA claim to proceed, the court cites *Bodin v. Vagshenian*, M.D., 462 F.3d 481, 489 (5th Cir. 2006). In *Bodin*, patients who had been allegedly assaulted during treatment at a federal facility waged suit against the government for the psychiatrist's assaults, as well as against other clinic employees for failure to prevent assaults. The Fifth Circuit noted that whether the United States owed an independent duty separate

from the employment relationship with the negligent actor was a question of state law which involved the inquiries of whether the government hospital exercised reasonable care to safeguard its patients from known and reasonably known dangers and whether the government took appropriate measures to prevent assaults by third persons.  The Fifth Circuit went on to state, "[s]imilarly, a possessor of land owes a duty to invitees to protect them from foreseeable assault on the premises." *Id.* at 489.  In that context, the Court recognized general premises liability to support the assertion that liability does not depend on the employment status of the assailant.

Just as in *Jamison*, Plaintiff does not seek to recover based on the specific act of a federal employee, and therefore this case is one of premises liability under a negligence theory.  While Defendant argues that no premises liability claims may be brought against the United States under the FTCA, this Court interprets *Jamison* and the 5th Circuit ruling in *Bodin*, rulings rendered subsequent to those cited by Defendant, to refute such an absolute bar.  Under such a premises liability claim, there is no need to name a specific federal employee in one's complaint for damages.[3]

**B.   Relevant State Law of Premises Liability**

---

[3] Specific federal employees should be listed in order to be held liable for specific acts of negligence.  *See Graubarth v. U.S. ex rel. Dept. of the Interior,* 2005 WL 3543763, *4 (E.D. La. Oct. 4, 2005).

La. C.C. Art. 2317 establishes liability for damages "caused by the acts of persons for whom we are answerable, or of things which we have in our custody." Prior to 1996, strict liability was imposed under La. C. C. Art. 2317.  Adoption of La. C. C. Art. 2317.1, effective April 16, 1996, abolished that strict liability. *Broussard v. Voorhies*, 970 So.2d 1038, 1042 (La. App. 1 Cir. 9/19/07). Under the new law, mere occurrence of an accident does not give rise to a presumption of negligence. *Jamison v. U.S.*, 491 F.Supp.2d 608, 621 (W.D. La. 2007). Louisiana's general tort principle, La. C. C. Art. 2315, states that every act which causes damage to another "obliges him by whose fault it happened to repair it."  Thus, the court must first determine fault by employing the following duty-risk analysis: (1) was the defendant's conduct a cause-in-fact of the harm? (2) was a duty imposed on the defendant by a general rule of law to protect this plaintiff from this type of harm arising in this manner? and (3) was that duty breached? *Jamison*, 491 F.Supp.2d at 621.  The duty of a property owner is not to be an insurer of visitors' safety, but rather to keep the premises in safe condition for use in a manner consistent with the purposes for which they are intended. *Id.*, citing *Monson v. Travelers Property & Cas. Ins. Co.*, 955 So.2d 758, 761 (La. App. 5 Cir. 2007).  To recover under a theory of general premises liability under La. C.C. Art. 2317.1, a plaintiff has the burden to show,

12

in addition to fault, that: (1) the thing was in the custodian's custody or control, (2) it had a vice of defect that presented an unreasonable risk of harm, (3) the defendant knew or should have known of the unreasonable risk of harm, (4) the damage was caused by the defect, and (5) the damage could have been prevented by the exercise of reasonable care. *Id.*, citing *Ports v. Circle K Stores, Inc.*, 395 F.Supp.2d 442, 445 (W.D.La. 2005).

Defendant has failed to meet its burden of showing that there is no genuine issue as to any material fact such that Defendant is entitled to judgment as a matter of law.  Material factual disputes still remain as to whether general premises liability in accordance with Louisiana law exists.  Defendant asserts that Plaintiff's claims should be dismissed because of Plaintiff's failure to identify a specific federal employee's negligence and the cites premises liability as incognizable under the FTCA.  While this Court does not find an absolute bar to premises liability claims under the FTCA to exist, Defendant goes on to distinguish the facts of the case at bar from case law in *Centanni*, *Graubarth*, and *Rigdon* by highlighting that the injury took place on church premises as opposed to a federal facility.  However, Defendant does not proffer arguments disputing the federal government's ownership of the trailers themselves, which is wholly relevant to the inquiry of general premises liability.

## *CONCLUSION*

Although the Fifth Circuit has not specifically answered the question of whether or not general premises liability is cognizable under the FTCA, the split within the circuit and most recent Fifth Circuit pronouncement concerning liability support Plaintiff's general premises liability claims under the FTCA. Material issues still exist under such a claim, which would make summary judgment improper as to the issue of general premises liability.  However, Plaintiff's failure to name specific federal employees for negligence warrant the dismissal of non-general premises liability claims to the extent that Plaintiff alleges any such negligence.  Accordingly, summary judgment is **DENIED IN PART** and **GRANTED IN PART.**

New Orleans, Louisiana, this 21st day of July, 2008.

_____
IVAN L. R. LEMELLE
UNITED STATES DISTRICT JUDGE