**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **OSCAR SALAZAR** | **CIVIL ACTION** |
| **VERSUS** | **No. 07-3064** |
| **UNITED STATES OF AMERICA, ET AL** | **SECTION "B" (2)** |

## ORDER AND REASONS

Before the Court is Defendant United States of America's ("Defendant"), Motion for Summary Judgment(Rec. Doc. No. 47). Plaintiff Oscar A. Salazar("Plaintiff") filed a Memorandum in Opposition to the Motion for Summary Judgment(Rec. Doc. No. 51). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that the Motion for Summary Judgment is **GRANTED.**

### *BACKGROUND*

On May 23, 2007, Plaintiff filed suit against the United States of America, through the Federal Emergency Management Agency ("FEMA"), invoking the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346. Plaintiff filed suit following an incident that occurred near Slidell, Louisiana on the grounds of a Baptist Church then located on Airport Road in January 21, 2006 while Plaintiff was in the employ of Fluor Enterprises, Inc., ("Fluor") a contractor of FEMA.

Plaintiff alleges in the Complaint that he slipped and fell while traversing the steps of one of the FEMA trailers. Plaintiff claims to have been unable to catch himself and either stop or mitigate the fall since there were no handrails. Plaintiff further alleges that the steps were unreasonably dangerous and defective insofar as they did not conform to the requirements of the Life-Safety Code, and FEMA was negligent in failing to satisfy its duty of insuring reasonable safety.

As required by 28 U.S.C. §2671, as a prerequisite to filing suit in federal court under the FTCA, Plaintiff filed an administrative claim on November 8, 2006, which was denied by FEMA on March 12, 2007. Before the lawsuit was filed, Plaintiff made a Workman's Compensation claim because of his injuries, for which he received a lump sum settlement of $160,000.00 on August 28, 2007. Additionally, between the date of Plaintiff's alleged injury he sustained while in the employ of Fluor which was January 21, 2006 and August 28, 2007; Plaintiff had already received $37,228.00 in compensation benefits and $15,755.06 in medical benefits from his employer, Fluor.

Defendant asserts that Plaintiff was made whole through his workers' compensation settlement. Further, Defendant contends that Plaintiff cannot prove his claim. Specifically, Defendant argues that there is no proof to establish that the trailer was under the custody and control of FEMA as required under LA. CIV. CODE. ART.

2317 AND 2317.1, but rather the trailers were under the custody and control of FEMA'S contractor.  Hence, FEMA cannot be held liable for the actions of its independent contractor. Defendant further argues that the steps did not constitute a dangerous or defective condition to a person exercising due care, and that FEMA's selection of travel trailers is immune from judicial review under Robert T. Stafford Disaster and Emergency Assistance Act (the "Stafford Act"), 42 U.S.C. Section 5148.

Plaintiff asserts that there is no legal or jurisprudential basis for any suggestion that Plaintiff's settlement in the related worker's compensation claim by way of lump-sum for $160,000 would have any bearing on the legal right of Plaintiff to pursue its FTCA claim.  Plaintiff contends that Louisiana Civil Code Article 2317 and 2317.1 should guide the Court's assessment of FTCA liability. Under the applicable code articles, Plaintiff argues that Defendant summarily concludes that its contractor had custody over the trailer without reference to the facts of record.  The fact that the trailer was on church property and not in the direct supervision of Defendant employees, does not establish custody and does not determine whether Defendant owes a legal duty to Plaintiff.  Hence, Plaintiff argues that the proper inquiry is not just whether there is custody over a thing, but the reasonableness of Defendant's actions and all involved.  Specifically, Plaintiff argues that the Court should determine who had the legal duty to

prevent a vice or defect in a thing from harming another. Thus, Plaintiff asserts that Defendants provide insufficient facts to establish that the contractor had custody over the trailer in question.

Finally, with respect to the Defendant's immunity under the Stafford Act, Plaintiff asserts that hurricane victims have a property interest in FEMA assistance that was created by the Stafford Act and protected by the Due Process Clause of the United States Constitution.

## *DISCUSSION*

### A.  Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, (1986).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986).  Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial.  *Webb v. Cardiothoracic*

*Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998),

*overruled on other grounds by Burlington N. & Santa Fe Ry. Co., 126*

*S.Ct. at 2414.* The nonmovant must go beyond the pleadings and use

affidavits, depositions, interrogatory responses, admissions, or

other evidence to establish a genuine issue. *Id.* Accordingly,

conclusory rebuttals of the pleadings are insufficient to avoid

summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7

F.3d 1203, 1207 (5th Cir. 1993).

**B.    The Federal Tort Claims Act**

The Federal Tort Claims Act (FTCA) waives the United States'

sovereign immunity for claims arising out of torts committed by

federal employees.  28 U.S.C. § 1346(b).  The FTCA provides that

the United States is liable for tort claims, in the same manner and

to the same extent as a private individual under like

circumstances.  28 U.S.C. § 2674.  In order for the government to

be held liable under the FTCA, the negligent person must be an

"employee" as defined by the Act. *Mocklin v. Orleans Levee Dist.*,

690 F.Supp. 527, 529 (E.D. La. 1988), aff'd 877 F.2d 427 (5th Cir.

1989).[1]  An "employee of the government" includes: officers or

---

[1]  Employee is defined to include: "officers or employees of
any federal agency, members of the military or naval forces of
the United States, members of the National Guard while engaged in
training or duty . . ., and persons acting on behalf of a federal
agency in an official capacity, temporarily or permanently in the
service of the United States, whether with or without
compensation." 28 U.S.C. §2671.

employees of any federal agency, members of the United States military or naval forces, the National Guard, and persons acting for federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation, and any officer or employee of a federal public defender organization (subject to a limited exception). 28 U.S.C. §2671.  The degree of day-to-day control the government possess is a key factor in the employee determination, as the government is not liable for negligent acts of independent contractors.  *Linkous v. U.S.*, 142 F.3 271, 166 A.L.R. Fed. 733 (5th Cir, 1998).   This concept is known as the independent contractor exemption under the FTCA.  *Miller v. McElwee Brothers, Inc., et al.* 2007 WL 2284546 *5 (E.D. La. 2007).

In *Miller*, a third-party was injured when he stepped into a sinkhole at a construction site managed by an Army Corps contractor. *Id.* at *1. The plaintiff filed claims under the FTCA against the United States. *Id.* The court found that the contractor was an independent contractor since it was the contractor's duty to maintain a safe working area and therefore, dismissed the claims. *Id.* at *5.  The plaintiff argued that since one of the Army Corp's employees inspected the sight and failed to see or correct the sinkhole, that the Army Corp was negligent and responsible for his injuries. *Id.* at *6.  However, the court stated that "the fact that the United States retains the right to inspection, including safety

violations, does not defeat the independent contractor exception unless the government actually supervises the contractor's day-to-day activities." *Id. at *5.*

In order to determine whether a person is an employee or an independent contractor, the following factors should be considered:

> (1) the extent of control which, by agreement, the master may exercise over the details of the work; (2) whether or not the one employed is engaged in a distinct occupation or business;(3)the kind of occupation, with reference to whether the work is usually done under the direction of the employer or by a specialist without supervision; (4) the skill required in the particular occupation; (5) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work; (6) the length of time for which the person is employed; (7) the method of payment, whether by the time or by the job; (8) whether or not the parties believe they are creating the relation of master and servant; and (9) whether the principal is or is not in business. *Id.,* (citing *Linkous*, 142 F.3d at 275).

Considering the above factors, the Court finds that Fluor was an independent contractor and that Defendant is not responsible for any negligence on its behalf. The Declarations of Clifford Oliver, the Director of Acquisition Program and Planning for FEMA and Charles A. Whitaker, the Senior Director Program Manager under the Individual Assistance-Technical Assistance Contract ("IATAC") between Fluor and FEMA establish that Fluor selected the location of the staging area and maintained the area from day-to-day. (Def.

Motion, Exhibits 5,6). All employees on site were Fluor employees, rather than employees of FEMA. *Id.* Unlike in *Miller*, FEMA did not conduct safety or site inspections because this was Fluor's responsibilities as outlined in the IATAC between FEMA and Fluor. (Def. Motion, Exhibits 4, 5). Furthermore, the Declaration of Marcus Tikotsky, a retired Contracting Officer for FEMA as well as the IATAC indicate that Fluor was responsible for maintaining a reasonably safe working area for its employees and advising them of risks or dangers, which is inherent in Fluor's responsibility to inspect, maintain, and transport the trailers. (Def. Motion, Exhibits 2,4) Moreover, the skill required was one distinct to Fluor's business. With the freedom given to Fluor, the parties did not intend a master servant relationship. Therefore, since FEMA had no control over the day-to-day operations as well as consideration of the other factors, the independent contractor exemption is applicable, relieving Defendant of any responsibility for Fluor's actions.

## C. Stafford Act

After Hurricane Katrina struck, the President declared a major disaster under the Stafford Act, 42 U.S.C. §§ 5121-5208; *See Also, St. Tammany Parish v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307 (5th Cir. 2009). The Stafford Act contains an immunity provision "Nonliability of Federal Government," at 42 U.S.C. § 5148 that provides:

> The Federal Government shall not be liable
> for any claim based upon the exercise or
> performance of or the failure to exercise or
> perform a discretionary function or duty on
> the part of a Federal agency or an employee
> of the Federal Government in carrying out the
> provisions of this chapter.

Whether a particular action of the Federal Government falls within the discretionary function exception is a two-part inquiry. *Berkowitz v. United States*, 436 U.S. 531, 536 (1988). First, " a court must consider whether the action is a matter of choice for the acting employee." *Id.* Second, the court must decide whether the judgment or choice is based on considerations of public policy. *Id.* This analysis of the discretionary function exception is the same under both the Stafford Act and the FTCA. *In Re FEMA Trailer Formaldehyde Products Liability Litigation*, 583 F.Supp.2d 758.

*In Re FEMA Trailer* involved suits filed by citizens against FEMA alleging claims under the FTCA. The plaintiffs alleged that FEMA acted negligently in selecting and providing emergency housing units to plaintiffs, which contained high levels of formaldehyde. *Id.* at 766. The court applied the two-part inquiry and ruled that no existing mandatory or specific statute, regulation, or policy specified exactly what course FEMA should take in selecting housing for victims. *Id.* at 770. "Although the ultimate goal was obviously to provide safe temporary housing, there existed no statute or regulation that instructed FEMA to

9

take certain action in the selection of [emergency housing units] for disaster victims." *Id.* at 771. Moreover, the court ruled that FEMA's decision involved public policy because it was based "upon considerations of cost-effectiveness, convenience to the individuals and households, and such other factors as the President may consider appropriate." *Id.* Thus, the Court ruled that FEMA was shielded from liability regarding selection of the trailers under the discretionary function exceptions to both the Stafford Act and the FTCA. *Id.* at 773.

Likewise, the Court finds that the discretionary function exception applies to the case at bar. No statute or regulation instructed FEMA to take certain actions in the selection of travel trailers for disaster victims. While handrails could have provided a more safe environment, FEMA was allowed to use its judgment in selecting travel trailers. Moreover, when exercising its judgment, public policy was involved. Therefore, Defendant is also shielded from liability under the discretionary function exception.

### *CONCLUSION*

Defendant is not liable for the actions of independent contractors. Moreover, Defendant's actions are shielded from liability under the discretionary function exception. As such, the Court deems it unnecessary to discuss the remaining arguments in Defendant's motion.

Accordingly, summary judgment is **GRANTED**.


New Orleans, Louisiana, this 27TH day of April, 2009.

_____
IVAN L. R. LEMELLE
UNITED STATES DISTRICT JUDGE